IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Phillip Eugene Turner, #242694,<br>      Petitioner,<br>  vs.<br>Warden, Livesay Correctional<br>Institution,<br>      Respondent. | Civil Action No. 6:11-2692-RBH-KFM<br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

In Spartanburg County, South Carolina, on February 14 and 22, 2006, respectively, the petitioner sold .15 grams of crack and .23 grams of crack to an undercover officer for $20.00 each. Both transactions were captured on videotape. The undercover officer also identified the petitioner from a photographic lineup. At his guilty plea, the petitioner admitted he committed the crimes (App. 9-10, 18).

The petitioner was indicted in October 2006 on two counts of Distribution of Crack Cocaine and was represented by James Cheek and Richard Whelchel. The petitioner had two prior convictions for drug offenses at the time he was indicted. The petitioner pleaded guilty on October 31, 2006, before The Honorable J. Mark Hayes, II, Circuit Court Judge, to two counts of Distribution of Crack Cocaine, second offense. The

petitioner was allowed to plead to second offenses based on a negotiated plea even though he had two prior convictions for drug offenses (App. 4). The petitioner also had a probation violation that was handled at the time of his plea (App. 10-11). The petitioner was sentenced to seven years concurrent on both indictments in keeping with the negotiated plea.[1] The petitioner did not appeal his convictions or sentences. The petitioner is currently confined in the Livesay Correctional Institution in the South Carolina Department of Corrections ("SCDC") pursuant to orders of commitment of the Clerk of Court for Spartanburg County.

***PCR***

The petitioner filed a post-conviction relief ("PCR") action on March 8, 2007 (2007-CP-42-0876). An evidentiary hearing was convened before the Honorable Roger L. Couch, Circuit Court Judge ("the PCR court"), on November 5, 2007. At the evidentiary hearing, the petitioner knowingly and voluntarily withdrew all grounds of ineffective assistance except his claim that he was entitled to a belated direct appeal. The State stipulated that the petitioner was entitled to a belated direct appeal (App. 56-58). The PCR court issued an Order of Dismissal with Prejudice on January 14, 2008, dismissing all of the petitioner's grounds of ineffective assistance with prejudice and granting the petitioner's right to a belated direct appeal pursuant to *White v. State*, 208 S.E.2d 35 (1975). The Order of Dismissal was filed January 15, 2008 (Fed. habeas pet., attach. 13-16 ).[2]

---

[1] In addition to the two prior drug convictions, the petitioner had previously been convicted of receiving stolen goods, criminal domestic violence, assault and battery, financial transaction card theft, forgery, trespassing, public drunk, open container, financial card fraud, and numerous counts fo public disorderly conduct (App. 19-20).

[2] The January 2008 Order of Dismissal was not included in the respondent's Appendix to the Return, but is included the petitioner's attachment to his § 2254 petition at pages 13-16.

*PCR Appeal/Belated Direct Appeal*

On May 20, 2008, the petitioner appealed via a Petition for Writ of Certiorari in the South Carolina Supreme Court and raised his issue by filing a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The petitioner was represented in the direct appeal by Lanelle C. Durant of the South Carolina Office of Appellate Defense. In the *Anders* brief, the petitioner raised the following issue: "Did the trial court err in accepting appellant's guilty plea without insuring that his plea complied with the mandates of *Boykin v. Alabama*, 395 U.S. 238 (1969)?" (App. 105). Ms. Durant certified to the court that the appeal was without merit and asked to be relieved as counsel. On December 8, 2008, the South Carolina Supreme Court, in a published Opinion, reversed and remanded the matter to the circuit court for an evidentiary hearing with regard to whether the petitioner could show extraordinary circumstances that would require counsel to advise the petitioner of his right to direct appeal in keeping with *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) and *Weathers v. State*, 459 S.E.2d 838 (S.C. 1995). In its Order, the Supreme Court also allowed the petitioner to raise any other allegations withdrawn at the original PCR hearing based on the State's agreement that the petitioner was entitled to a belated review of his direct appeal issues. *See Turner v. State of South Carolina*, 670 S.E.2d 373 (S.C. 2008). (App. 109-10). The Remittitur was issued December 30, 2008.

*Remand to the PCR Court*

Upon remand, an evidentiary hearing was held on April 6, 2009 (App. 60-87). Ken Shabel represented the petitioner, and Michelle Parsons Kelley of the South Carolina Attorney General's Office represented the respondent. At the hearing, the petitioner testified and so did his plea attorney, James Cheek. The petitioner again raised his claim that he was entitled to a belated direct appeal and other issues of ineffective assistance of counsel (App. 62-63). On November 4, 2009, the Honorable Roger L. Couch, Presiding Judge of the Seventh Judicial Circuit, issued an Order of Dismissal finding the petitioner's

grounds for PCR as meritless, including his claim that he was entitled to a belated direct appeal (App. 89-93).

In the Order of Dismissal, the PCR court summarized the testimony and evidence presented at the PCR evidentiary hearing as follows: The petitioner testified at the PCR hearing. He testified he pleaded guilty, but did not get his desired direct appeal. On cross-examination, the petitioner admitted he waived presentment of the indictment charging him with selling drugs to an undercover officer. The petitioner also acknowledged he negotiated his plea for the seven year sentence. He admitted informing the plea judge he was satisfied with his attorney, had sufficient time to discuss the case with his attorney, understood he was waiving his right to trial, and was entering his plea freely and voluntarily (App. 90).

The petitioner's plea attorney also testified at the PCR evidentiary hearing. Counsel testified he discussed the option of a trial with the petitioner, but the State had overwhelming evidence. Attorney Cheek testified the petitioner faced up to 60 years imprisonment at trial. Counsel also explained the negotiated sentence with the petitioner, as well as his prior record, and the possibility of future sentence enhancement. Counsel testified he discussed an appeal with the petitioner and fully explained to the petitioner his right to appeal. Counsel also testified he advised the petitioner he had no real grounds for an appeal and that there was no need for an appeal considering the petitioner received a very favorable deal (App. 90).

In the Order of Dismissal, the PCR court pointed out that in a PCR action, the applicant bears the burden of proving the allegations in their application (App. 91 (citing *Butler v. State*, 334 S.E.2d 813 (S.C. 1985)). The PCR court also noted that where the application alleges ineffective assistance of counsel as a ground for relief, the applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial

4

process that the trial cannot be relied upon as having produced a just result" (App. 91 (quoting *Strickland v. Washington*, 466 U.S. 668 (1984); *Butler*, 334 S.E.2d 813).

The PCR court noted the proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. The PCR court pointed out that courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment (App. 91 (citing *Strickland*, 466 U.S. 668). Further, the applicant must overcome this presumption in order to receive relief (App. 91 (citing *Cherry v. State*, 386 S.E.2d 624 (S.C. 1989)). The PCR court stated that a reviewing court applies a two-pronged test in evaluating allegations of ineffective assistance of plea counsel. First, the applicant must prove that counsel's performance was deficient. Under this prong, the court measures an attorney's performance by its "reasonableness under professional norms." Second, counsel's deficient performance must have prejudiced the applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (App. 91 (quoting *Cherry*, 386 S.E.2d at 625)). The PCR court also noted that with respect to guilty plea counsel, the applicant must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial (App. 91 (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)).

The PCR court noted it had reviewed the Clerk of Court records regarding the subject conviction, the petitioner's records from the SCDC, the application for PCR, the transcripts and documents from the prior proceedings, and the legal arguments of counsel. Pursuant to S.C. Code Ann. § 17-27-80 (1985), the PCR court made the following findings of fact based upon all of the probative evidence presented.

The PCR court found counsel was credible, and the petitioner lacked credibility. In addition, the PCR court found counsel was not ineffective in his

5

representation. Counsel informed the petitioner of his right to appeal, but advised against it. The petitioner failed to demonstrate he was denied his right to appeal. The PCR court, therefore, did not grant a belated direct appeal. Based on the specific findings above, the court concluded that all of the petitioner's allegations be denied and dismissed (App. 92). As to any and all allegations that were or could have been raised in the application or at the hearing in this matter, but were not specifically addressed in this Order, the PCR court found that, as the petitioner failed to present any probative evidence regarding such allegations, the petitioner had waived them. Accordingly, they were denied and dismissed with prejudice. As a result, the application for PCR was denied and dismissed with prejudice (App. 92-93).

## *PCR Appeal*

On May 12, 2010, the petitioner appealed from the denial of PCR upon remand by filing a *Johnson* Petition for Writ of Certiorari. The petitioner was represented in this appeal by Lanelle C. Durant of the South Carolina Office of Appellate Defense. In the *Johnson* Petition, Ms. Durant raised the following issue to the South Carolina Supreme Court: "Did the PCR Court err in denying the petitioner a belated direct appeal from his guilty plea pursuant to *White v. State*, 208 S.E.2d 35 (1974)?" Ms. Durant certified to the court that the appeal was without merit and asked to be relieved as counsel (*Johnson* pet. 2, 9). On May 27, 2010, the petitioner filed a *pro se* Response to the *Johnson* Petition. In his *pro se* Response, the petitioner raised the following issue(s) to the South Carolina Supreme Court:

> The PCR Court found counsel did not advise Petitioner of his right to appellate review and Petitioner did not knowingly and voluntarily waive his right to a direct appeal. Petitioner alleges both trial lawyers was ineffective for letting him plea guilty to both charges when the tapes only showed 1 sell [sic]. The trial judge sentenced Petitioner on the second indictment which was not a sell (sic), the tapes will prove this. The trial court err in

6

> accepting Petitioner guilty plea without insuring that his plea complied with the mandate of *Boykin v. Alabama*, 395 U.S. 238 (1969). The Petitioner should have been sentenced as a first offender instead of a second offender. The trial court told Petitioner that both of his charges were serious but did not explain what that meant. A guilty plea may not be accepted unless it is voluntarily and understandingly made *State v. Thomason*, 355 S.C. 278, 584 S.E. 2d 143 (2003) citing *Boykin v. Alabama*, 395 U.S. 238 (1969). The record in a guilty plea proceeding must establish a factual basis for the plea. The Petitioner's lawyer never discussed with me the possibility of an enhancement nor did they discuss my prior record of a charge of simple poss of marijuana some 10 years old when I went to court. I ask the court to reverse and time served.

(*Pro se* resp. to *Johnson* pet. 1-2). On July 11, 2010, the petitioner filed a motion to amend to his *pro se* Response. In the motion, the petitioner alleged as follows:

> This amendment for the State going past ten years to enhance my sentence. In the Rules of Evidence it states that the defense must get written notice if the state intends to go beyond ten years.
>
> Rule 609(B)
> Impeachment by evidence of conviction of crime,
>
> (B)(Time Limit)
> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elaped [sic] since the date of the conviction or the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that probative value of the conviction supported by specific facts and circumstance substantially outweighs it prejudicial effect, However evidence of a conviction more than ten years as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent

> to use such evidence to provide the adverse party with a fair
> opportunity to contest the use of such evidence.

(*Pro se* resp. to *Johnson* pet. and motion to amend 3- 4). On August 18, 2011, after consideration of the entire record as required by *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), the South Carolina Supreme Court found no issues of arguable merit. The court further found that a direct appeal would be of no avail, for the circuit court had subject matter jurisdiction to accept the petitioner's guilty plea and no issue was preserved for direct review. The court denied the Petition for Writ of Certiorari and granted counsel's request to withdraw. The Remittitur was issued on September 6, 2011. This federal habeas petition followed on September 30, 2011.

## **FEDERAL HABEAS GROUNDS**

> Ground one: Ineffective Assistance of Counsel (Attach [sic])
>
> Supporting facts: The applicant alleges that he received ineffective assistance of counsel because he was court-appointed Dick Whelch [sic], of the public defender's office to represent him. On the day of court, another public defender James Cheeks [sic], took his case before the judge not knowing anything about his case. The applicant was charge with distribution of crack 2nd, less than 1 gram (.08).
>
> Ground two: Involuntary Guilty Plead [sic] (Attach [sic])
>
> Ground three: Court Lack Subject Matter Jurisdiction (Leave Open to Amend)(Attach [sic])

(Federal habeas pet. 5-8, attach. 1-6).

On February 24, 2012, the respondent filed a motion for summary judgment. By order filed that same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the

possible consequences if he failed to adequately respond to the motion. The petitioner filed a response to the respondent's motion for summary judgment on March 9, 2012.

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

9

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, United States Code, Section 2244(d), provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is *de novo*. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA *de novo* standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

### *Statute of Limitations*

The petitioner pleaded guilty on October 31, 2006. He did not file a direct appeal, and, therefore, his conviction became final ten days later on November 11, 2006. The AEDPA one-year statute of limitations began to run on November 12, 2006, and continued to run until the petitioner filed his PCR action on March 8, 2007. Nearly four

11

months expired on the AEDPA one-year time clock. The AEDPA time clock remained tolled during the pendency of the PCR action, including the remand and appeal from the remand. The Remittitur was issued from the final appeal on September 6, 2011. This federal habeas petition followed on September 30, 2011. Therefore, the petitioner is not in violation of the AEDPA one-year statute of limitations.

***Ground One***

In this ground, the petitioner claims he was denied effective assistance of counsel at his guilty plea because another attorney from the public defender's office stood in for his court appointed attorney during the proceeding. In his petition, the petitioner incorporates his attached PCR documents by reference.

Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. *Strickland* does not guarantee perfect representation, only a "'reasonably competent attorney.'" *Id.* at 687 (quoting *McMann v. Richardson*, 397 U. S. 759, 770 (1970)). There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case. *Id.* at 690. With regard to guilty pleas, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

12

The review of ineffective assistance of counsel claims in federal habeas is centered upon whether the state court decision was reasonable. 28 U.S.C. § 2254(d). Moreover, each step requires deference – deference to counsel and deference to the state court that previously reviewed counsel's actions:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ––––, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ––––, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 131 S.Ct. 770, 788 (2011).

The second PCR court addressed the petitioner's claims of ineffective assistance of counsel and found them to be without merit (App. 89-93). The PCR court found that plea counsel's testimony was credible, and the petitioner's testimony was "lacking credibility" (App. 92). That credibility determination is entitled to deference by this court. *Wilson v. Ozmint*, 352 F.3d 847, 858-59 (4th Cir. 2003).

The petitioner was represented by two different attorneys from the Spartanburg County Public Defender's Office. According to the record, the petitioner had a conflict with his first attorney, Richard Whelchel, when the petitioner began talking about proceeding to trial (App. 64-67). The petitioner was then represented by attorney James Cheek, who believed it was to the petitioner's advantage to plead guilty as the State had overwhelming evidence on one of the charges, and if he was convicted on that one charge alone, he could have been sentenced to 30 years. Mr. Cheek felt the negotiated sentence of seven years was to the petitioner's advantage as it would resolve both charges (App. 75-78).

13

The transcript shows the discovery was made available to the petitioner. The record also shows both drug transactions were videotaped, and the undercover officer identified the petitioner from a photographic lineup (App. 10, 15, 19-21, 66). The petitioner confirmed at PCR that one of the videotapes showed him selling crack cocaine to an undercover officer (App. 66). Counsel also testified that he met with the petitioner twice the morning of the guilty plea and that he explained sentence enhancement to the petitioner (App. 76-77). The record also shows counsel was familiar with the petitioner's case and his prior record. Both of the petitioner's attorneys had obtained a favorable deal for the petitioner through which he would not be exposed to 60 years without parole on both charges, but rather a seven-year sentence on each indictment, which would run concurrent to each other (App. 76-77).

Furthermore, the petitioner's claim that he was told that one indictment would be dismissed upon his plea to the other indictment is not credible or supported by the record. The plea transcript refutes the petitioner's claim that he did not know he would be sentenced on two indictments (App. 4-6, 11). Furthermore, plea counsel's testimony, which was found credible by the PCR court, also refutes this allegation, as plea counsel testified he informed the petitioner both sentences would be run concurrent (App. 76-77).

Additionally, the petitioner cannot show that but for counsel's alleged ineffective assistance there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. The petitioner was charged with two counts of Distribution of Crack Cocaine, third offense. The petitioner had two prior qualifying convictions enhancing his possible sentences on each indictment to a maximum of 30 years if he had gone to trial on either indictment. As a result, the petitioner was facing a maximum of 60 years without parole and he had an extensive criminal record, which would have been considered at sentencing had he gone to trial. Counsel negotiated a seven-year concurrent sentence for the petitioner as to both charges of Distribution of Crack Cocaine, second offense.

According to the plea transcript, both of the drug transactions were captured on videotape, and the petitioner was identified from a photo lineup by the undercover officer who purchased the crack cocaine from the petitioner (App. 9-10). The petitioner admitted at his PCR that he committed one of the distributions and sold crack cocaine to an undercover police officer (App. 66). The record shows the petitioner had viewed the videotapes prior to his plea proceeding (App. 66). Plea counsel testified at PCR that there was overwhelming evidence of petitioner's guilt on one charge, and he would have been convicted had he gone to trial (App. 76). Counsel also testified it was explained to the petitioner that the negotiated sentence would take care of both charges, the sentences would be concurrent, he would therefore being serving only one real seven-year sentence without exposing himself to the possibility of 60 years in prison (App. 76-77). Counsel also testified that had the petitioner been convicted of the one count, there was a very good possibility he would received the maximum sentence of 30 years (App. 76-77). The petitioner has failed to show there is a reasonable probability that he would not have pleaded guilty and would have proceeded to trial but for counsel's alleged deficient performance.

The petitioner also alleges ineffective assistance of counsel arguing that he should not have been sentenced as a second or subsequent offender because he had a prior conviction for simple possession of marijuana (fed. habeas pet., attach. 4-5). The petitioner raised this issue in the PCR hearing (App. 70). This claim is belied by the record. The petitioner sold crack cocaine on February 14 and February 22, 2006. The petitioner's indictments are true-billed and allege the correct dates. The indictments also allege the petitioner violated "S.C. Code Ann. 44-53-375" (App. 111-14). The petitioner pleaded guilty to distribution of crack cocaine on October 31, 2006. At the time the petitioner sold crack cocaine and was convicted of these two charges, a prior offense was defined in South Carolina Code Annotated § 44-53-375(B)(2) as any prior conviction "of any of the laws of the United States or of any state, territory, or district relating to narcotic drugs, marijuana, depressant, stimulant, or hallucinogenic drugs." *See* S.C. Code Ann. § 44-53-375(B)(2)

15

(2005). According to the plea transcript, the petitioner had two prior drug convictions, and the State submitted certified copies of the convictions showing that if the State were to go forward at trial, it would be a third or greater offense (App. 4, 28).[3] The petitioner admitted in the guilty plea that he had at least two prior drug convictions (App. 10-11), and in the PCR hearing, he admitted that he had previous marijuana convictions in 1983 and 1984 (App. 65). Based upon the foregoing, plea counsel did not misadvise the petitioner regarding the enhancement of his convictions.[4]

The petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding the ineffective assistance of counsel claims. Further, the petitioner has also failed to show by clear and convincing evidence that the PCR court reached an unreasonable factual determination given the evidence and record before it. Therefore, the petitioner has failed to meet his burden of proof to show he is entitled to federal habeas corpus relief on this ground.

***Ground Two***

In this ground, the petitioner claims his guilty plea was involuntary because of ineffective assistance of counsel (fed. habeas pet., attach. 4). A guilty plea is constitutionally valid if it "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill,* 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). A plea is knowingly and intelligently made if a defendant is "'fully

---

[3] The copies of these convictions are not part of the Appendix provided to this court.

[4] It appears the petitioner is relying on the former wording of the statute and previous case law. *See Rainey v. State*, 414 S.E.2d 131(S.C. 1992). The statute was subsequently re-worded to include any prior drug conviction as a sentence enhancement and was in effect at the time the petitioner committed his offenses and pleaded guilty.

16

aware of the direct consequences'" of his guilty plea and not induced by threats, misrepresentation, including unfulfilled or unfulfillable promises, or by "'promises that are by their nature improper as having no relationship to the prosecutor's business.'" *Brady v. United States*, 397 U.S. 742, 755 (1970) (quoting *Shelton v. United States*, 246 F.2d 571, 572 n. 2 (5th Cir. 1957) (en banc)). Because a guilty plea is a solemn, judicial admission of the truth of the charges against an individual, a criminal inmate's right to contest the validity of such a plea is usually, but not invariably, foreclosed. *Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977). Therefore, statements made during a guilty plea should be considered conclusive unless a criminal inmate presents reasons why he should be allowed to depart from the truth of his statements. *Crawford v. United States*, 519 F.2d 347 (4th Cir. 1975), *overruled on other grounds by United States v. Whitley*, 759 F.2d 327, 350 (4th Cir. 1985); *Edmonds v. Lewis*, 546 F.2d 566, 568 (4th Cir. 1976). Here, the petitioner has not shown anything that would overcome the "strong presumption of veracity" carried by his statements at the guilty plea hearing of a voluntary, knowing, and intelligent decision to plead guilty. *See United States v. Morrow*, 914 F.2d 608, 614 (4th Cir. 1990).

As discussed above, the PCR court denied the petitioner's claims of ineffective assistance of counsel (App. 89-93). The PCR court also found plea counsel's testimony credible and the petitioner's testimony was not credible.

During his guilty plea hearing, the petitioner informed Judge Hayes, under oath, that his pleas were freely, knowingly, and voluntarily entered and that he was guilty of both indictments. The petitioner admitted he distributed crack cocaine to a person he did not know was an undercover operative (App. 10, 16, 18) The petitioner told Judge Hayes he was satisfied with his attorney's representation. The plea transcript shows the petitioner had extensive experience with the criminal justice system, having been convicted numerous times in the past (App. 15, 19-20). The petitioner told Judge Hayes under oath that he had sufficient time to speak with his attorney about the cases against him, the elements of the offenses, and any possible defenses (App. 15). The petitioner's prior drug convictions were made part of the record of the guilty plea (App. 19-20). The petitioner admitted he had prior

17

drug violations and that he understood the charges to which he was pleading guilty (App. 10-11). The terms of the negotiated plea were stated openly on the record in front of the petitioner. It was stated on the record that the petitioner was actually facing two indictments for Distribution of Crack Cocaine, third offense, but he was being allowed to plead to Distribution of Crack Cocaine, second offense, under the terms of the negotiated sentence of seven years concurrent on each charge. The petitioner stated he understood he was pleading guilty to two counts of Distribution of Crack Cocaine, second offense (App. 4, 6, 20-21). The petitioner also stated that he understood that by pleading guilty to these offenses he would be admitting that he had violated his probation (App. 10-11). The petitioner stated he understood the minimum and maximum sentences that he faced (App. 11-12). The petitioner stated that no one had threatened him or promised him anything in order to get him to plead guilty. He further stated he wished to give up his right to a jury trial and plead guilty (App. 16).

The record shows it was the petitioner's decision to plead guilty, and he did so knowingly and intelligently, being fully aware of the direct consequences, and not induced by threats, misrepresentation, or promises. The PCR court reasonably found that the petitioner's plea counsel was not ineffective in his representation of the petitioner. The petitioner has failed to show that the PCR court unreasonably applied clearly established federal law, as determined by the Supreme Court of the United States, or unreasonably determined the facts in light of the evidence presented in the State court proceeding. Accordingly, Ground Two fails.

***Ground Three***

In this ground, the petitioner claims that the state court lacked subject matter jurisdiction to sentence him on the two drug charges to which he pleaded guilty (fed. habeas pet., attach. 3-5). The respondent argues that this is not a cognizable federal habeas claim. This court agrees. 28 U.S.C. § 2254 (habeas corpus relief is available for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the

province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Weeks v. Angeleone*, 176 F.3d 249, 262 (4th Cir. 1999) ("when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review"); *Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) (noting that while habeas may be granted for a lack of jurisdiction in the sentencing court, relief may not be granted where alleged jurisdictional defect depends on interpretation of state law, unless result in complete miscarriage of justice defined as actual innocence). The petitioner cannot show actual innocence on this record.

Furthermore, the South Carolina Supreme Court found in its Order dismissing the petitioner's appeal from the denial of PCR that the circuit court had subject matter jurisdiction to accept the petitioner's guilty pleas. The court's decision on this state law issue is entitled to deference by the court. Moreover, to the extent the petitioner alleges his indictments were defective because they did not allege "Distribution of Crack Cocaine, second offense" (fed. habeas pet., attach. 3), the claim has no merit. Indictments are notice documents and do not confer subject matter jurisdiction. *State v. Gentry*, 610 S.E.2d 494, 499 (S.C. 2005). Further, under South Carolina law, it is not necessary that the indictment allege prior sentence enhancing convictions. *State v. Scriven*, 529 S.E.2d 71, 73 (S.C. Ct. App. 2000) ("Where a statute increases the punishment for a second or subsequent offense, the allegation that the offense charged in the indictment was of that character is unnecessary." (citing *State v. Parris*, 71 S.E. 808 (S.C. 1911))). Based upon the foregoing, this ground should be dismissed.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 24) be granted.

s/Kevin F. McDonald
United States Magistrate Judge

July 27, 2012
Greenville, South Carolina

19

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.